IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CONNIE LANGILLE and PAUL E. LANGILLE,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSCO, INC.; KEITH PETER; and MCLANE FOODSERVICE, INC.,<br><br>Defendants. | Case No. 2:12–CV–00189–ABJ |

**OPINION AND ORDER DENYING DEFENDANT PETER'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANTS TRANSCO'S AND MCLANE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs sued defendant truck driver and his employers for personal injuries and damages resulting from a multivehicle accident. Defendant driver has moved for summary judgment as to Plaintiffs' punitive damages claim, and defendant employers have moved for summary judgment as to Plaintiffs' direct negligence and punitive damages claims. For the following reasons, the Court DENIES driver's motion and GRANTS employers' motion.

1

## BACKGROUND

On December 29, 2011, Connie Langille was driving a Ford Ranger pickup as a rear pilot vehicle. She was following her husband, Paul (collectively "Plaintiffs"), who was hauling an oversized load on a tractor-trailer. They were travelling westbound on U.S. 30, a two-lane highway, outside of Cokeville, Wyoming.

Defendant Keith Peter ("Peter") was driving a tractor-trailer eastbound on the same highway. At the time, he was employed by Defendant McLane Foodservices, Inc. ("McLane"), a food distribution company. He was leased to Defendant Transco, Inc. ("Transco"), a motor carrier licensed by the U.S. Department of Transportation. Transco owns, or leases, the tractors and trailers used to haul McLane's goods and, as holder of the DOT authorization, has ultimate responsibility for a driver's compliance with the Federal Motor Carrier Safety Regulations.

At the time of the accident, the road conditions were poor, and the road was slick with patches of ice. Connie Langille's pickup slid over the center line into Peter's lane. Peter, in a conscious effort to avoid colliding with Langille, steered left into the oncoming lane of traffic. Sometime prior to impact, Connie Langille regained control of her Ranger and steered back into her original lane. The resulting head-on collision injured Connie Langille and killed her passenger.

In the 1990s, Peter was involved in another head-on collision when he was driving a commercial vehicle. Peter Depo. at 22. In the 1990s accident, Peter swerved left to avoid an accident that was in his lane of travel. *Id.* at 30-31. The other motorist involved in Peter's 1990s accident was injured in the resulting collision. *Id.* at 30. Between the 1990s accident and the December 29, 2011 accident, Peter was trained, on several occasions, to never steer left to avoid a head-on collision. *Id.* at 34, 62-63.

2

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if under the substantive law it is essential to the proper disposition of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." *Anderson*, 477 U.S. at 255.

The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. *Lynch v. Barrett*, 703 F.3d 1153, 1158 (10th Cir. 2013). The moving party can satisfy this burden by either (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B).

Once the moving party satisfies this initial burden, the nonmoving party must support its contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. *See id.* The nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive a summary judgment motion, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, when opposing summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. *See Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th Cir. 2009).

When considering a motion for summary judgment, the court's role is not to weigh the evidence and decide the truth of the matter, but rather to determine whether a genuine dispute of material fact exists for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact-finder, not the court. *Id.* at 255.

## DISCUSSION

I. **Defendant Keith Peter's Motion for Partial Summary Judgment as to Plaintiffs' Punitive Damages Claim [ECF No. 83]**

Defendant Peter has moved for partial summary judgment as to Plaintiffs' punitive damages claim against him. Plaintiffs opposed his motion and a hearing on the matter was held on November 26, 2013.

"Punitive damages are not a favorite of the law and are to be allowed with caution within narrow limits." *Weaver v. Mitchell*, 715 P.2d 1361, 1369 (Wyo.1986). Because the purpose is to deter or punish, courts require "some element of outrage." *Id.* Punitive damages are available in Wyoming only when a defendant demonstrates willful or wanton misconduct. *Danculovich v. Brown*, 593 P.2d 187, 191 (Wyo.1979). Willful and wanton misconduct has been defined as an extreme departure from ordinary care which is more than a "mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simple inattention." *Id.* Instead,

> [t]he intent in willful and wanton misconduct . . . is an intent to do an act, or an intent not to do an act, in reckless disregard of the consequences, and under such circumstances and conditions that a reasonable man would know, or have reason

4

to know, that such conduct would, in a high degree of probability, result in substantial harm to another.

*Id* at 193.

Examining Peter's conduct in the light most favorable to the non-moving party, some things are clear. In the 1990s, he swerved left to avoid a truck that was in his lane, and his actions caused an accident in which the other person involved was injured. Subsequent to that accident, Defendant had been trained, at least on one occasion, to never swerve left to avoid an accident. The manual for his training course, Defensive Driving Course Professional Truck Driver Guide, says that, to avoid a head-on collision, a driver should drive right, onto the shoulder. It further states that a driver should "never swerve into the left lane" because, "[i]f the other driver recovers, you will have a collision" in the opposing lane of traffic.

Peter argues that his action, swerving into the oncoming lane, was a mere mistake resulting from excitement or poor judgment. Plaintiffs argue that Peter willfully disregarded his training and refused to follow it when confronted with Mrs. Langille in his lane. The Court concludes that, because of his personal experience in the 1990s accident and the training he received, a reasonable jury could find that Peter acted in reckless disregard of the consequences that swerving left to avoid an automobile in his lane could, to a high degree of probability, result in harm to another. This is so because Peter had direct knowledge, through his 1990s accident, that swerving left may cause a head-on collision resulting in injury to another. He was also on notice that swerving into the oncoming lane of traffic could cause injury to another because he had also been specifically trained to never swerve left.

The Court also notes that Peter's asserted reason for swerving left, concern about the right shoulder of the road, is unclear from his deposition. At various times, he calls it a "soft shoulder," a "short shoulder," and also references a drop-off. This inconsistency only further

underscores that there is an issue of fact as to why Peter steered left into the oncoming lane of traffic.

When viewing the evidence in the light most favorable to the nonmoving party, there is sufficient evidence to give rise to a genuine dispute of material fact, and its resolution is inappropriate for summary judgment. Defendant Peter's motion, ECF No. 83, is accordingly DENIED.

II. **Defendants Transco, Inc. and McLane Foodservice, Inc. Motion for Partial Summary Judgment as to Plaintiffs' Direct Negligence and Punitive Damages Claims [ECF No. 88]**

Defendants Transco and McLane have moved for partial summary judgment as to Plaintiffs' direct negligence claims and punitive damages claims. In ECF No. 104, Plaintiffs have conceded Defendants' Motion, and the Court agrees that Plaintiffs' claims for direct negligence and punitive damages as to these two defendants are appropriate for dismissal. Defendants' motion, ECF No. 88, is accordingly GRANTED.

## CONCLUSION

Defendant Keith Peter's Motion for Partial Summary Judgment Seeking Dismissal of Plaintiffs' Claim for Punitive Damages, ECF No. 83, is hereby DENIED. Defendants Transco, Inc.'s and McLane Foodservice, Inc.'s Motion for Partial Summary Judgment Seeking Dismissal of Plaintiffs' Claims of Direct Negligence and Punitive Damages, ECF No. 88, is hereby GRANTED, and Plaintiffs' claims for direct negligence and punitive damages as to those two defendants are hereby DISMISSED.

Dated this 26th day of November, 2013.

*Alan B. Johnson*

Alan B. Johnson
United States District Judge